**IN RE: James L. ROUDABUSH, Jr., Petitioner**

No. 16–1860

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Rule 21, Fed. R. App. P. June 16, 2016

(Opinion filed: June 29, 2016)

James L. Roudabush, Jr., Salters, SC, Pro Se.

Elizabeth A. Pascal, Esq., Office of United States Attorney, Camden, NJ, Caroline A. Sadlowski, Esq., Office of United States Attorney, Newark, NJ, for Defendant–Respondent.

Before: FISHER, JORDAN, and VANASKIE, Circuit Judges

· OPINION *

PER CURIAM

James L. Roudabush, Jr., sought to file two lawsuits in forma pauperis in the United States District Court for the District of New Jersey. The District Court denied him leave to do so on the grounds that he has "three strikes" under 28 U.S.C. § 1915(g) and did not show that he was in imminent danger of serious physical injury. Roudabush has appealed from the orders. He also submits a petition for a writ of mandamus to challenge the District Court's orders in those cases.

We must deny his petition because mandamus is not a substitute for appeal. See Cheney v. U.S. Dist. Court, 542 U.S. 367, 380–81, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004); Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). A petitioner must ordinarily have no other means to obtain the desired relief, and he must show a clear and indisputable right to issuance of the writ. In re School Asbestos Litig., 977 F.2d 764, 772 (3d Cir. 1992). Roudabush cannot

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not

claim that he has no other means to get relief where his appeals provide an adequate alternative to mandamus. See In re Briscoe, 448 F.3d 201, 212–13 (3d Cir. 2006).

constitute binding precedent.